IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACHARY BROWN, M33870, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| | ) Case No. 25-cv-285-DWD |
| ANTHONY WILLS, JOHN DOE 1, JOHN DOE 2, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Zachary Brown, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights (Doc. 1). Plaintiff faults defendants for placing him in a cell with an inmate he previously fought with, leading to further fights and physical harm. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on March 22, 2024, he was released from segregation after serving 90 days for fighting with a fellow inmate. (Doc. 1 at 10). Upon release, he was placed into a cell with the same inmate he previously fought, despite the two having a "keep separate from" order in place after the fight that led to the segregation sentence. He claims he notified John Doe 2 (the gallery officer) of the "keep separate from" order, but the officer said he would not move either inmate until he saw blood. Plaintiff alleged that he notified the John Doe officer of more than one fight between the two in March of 2024, but the officer still refused to move him. He claims he wrote a grievance, he wrote Warden Wills multiple times, and he wrote John Doe 1 (the placement officer), but no one heeded his concerns. From the fights he suffered a swollen hand, a swollen eye, headaches, and sleep deprivation. He claims if any of the three officers had helped him, the harms could have been avoided. He remained in the cell for 10 days prior to being relocated. A grievance response he attached to his complaint confirms the prison eventually realized the housing placement was incorrect and separated the two inmates. (Doc. 1 at 6). Plaintiff seeks monetary compensation.

Based on the foregoing allegations, the Court designates the following claims:

> **Claim 1:** **Eighth Amendment failure to protect claim against Defendants Wills, John Doe 1, and John Doe 2.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### DISCUSSION

To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago*, 599 F.3d at 756. "[N]egligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021).

Plaintiff's allegations are sufficient to proceed because he alleges he informed all three individuals on multiple occasions of his need for protection from an inmate with whom he previously engaged in a physical altercation. Nothing was done for ten days, and he suffered physical harm as a result of the delay.

### MOTION FOR RECRUITMENT OF COUNSEL

In his Motion for Recruitment of Counsel (Doc. 3), Plaintiff states that he has only a grade school education and no legal writing experience. (Doc. 3 at 2). He indicates he has written lawyers seeking representation, but he has not yet gotten a response. (Doc. 3 at 1). There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Determining whether a plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citations omitted).

Here, Plaintiff has not yet provided proof of his efforts to contact counsel, and in fact he stated he has not yet received any responses. Because demonstrating his own efforts is a mandatory first step, the Court will deny Plaintiff's Motion without prejudice. The Court additionally notes that it is very early in the litigation, Plaintiff's complaint is

sufficient to proceed as pled, and the next steps of service, answers, and initial discovery will be closely guided by Court orders. Against this backdrop, Plaintiff appears capable to proceed on his own at this early juncture. If he files a new motion for counsel later in the case, he should take care to clearly describe the specific tasks that are too difficult for him to complete on his own. The generic assertion that he is unfamiliar with legal writing is unlikely to be sufficient without more detail.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives initial screening as described above against Anthony Wills, and John Does 1 and 2.

**Plaintiff must file a notice within 21 days** providing as much descriptive information as possible about John Does 1 and 2, including a physical description, any known nicknames, shift assignment information, or any other information he has. Once the information is filed by Plaintiff, **Wills shall have 30 days to respond**, and then **Plaintiff shall have another 21 days to file a motion** to substitute a named party or to describe additional steps that can be taken to identify John Doe. Failure to do so will result in the dismissal of John Does 1 and 2.

The Clerk of Court is **DIRECTED** to prepare for Defendant Anthony Wills (individual capacity for Claim 1, and official capacity to identify John Does): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this

order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court **shall enter** the standard HIPAA protective order.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 30, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.